IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DAVID B. MCCONNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-4180-CV-C-NKL |
| ) | |
| FARMERS INSURANCE COMPANY, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant Farmers Insurance Company, Inc. (Farmers), objects to certain documents requested by Plaintiff David B. McConnell in his First Request for Production of Documents and his First Interrogatories. Specifically, Farmers objected to Interrogatory Number 6, which requested that Farmers produce documents from the claim file associated with McConnell's underinsured motorist claim which were in the file as of the day before Farmers was "served with a copy of this lawsuit." Farmers also objects to a subpoena duces tecum served on Marilyn Castillo Martinez requesting production of "All notes, memoranda, reports, or other document or thing . . . relative to the injury claim of Plaintiff . . . created on or before the date on which the instant lawsuit was filed or on or before the first date this Defendant or its representatives had actual knowledge that suit would be filed." Farmers' objections are based on Federal Rule of Civil Procedure 26(b)(3), otherwise known as the work-product doctrine.

1

Rule 26(b)(3) protects "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative . . . ." "In order to prevail on its claim that the statements in question are not protected by the work-product rule, plaintiff must show that the materials were 1) not prepared in anticipation of litigation or for trial, or 2) a substantial need exists for the materials in question, in conjunction with plaintiff's inability to obtain the substantial equivalent of the materials by other means." *Fontaine v. Sunflower Beef Carrier, Inc.*, 87 F.R.D. 89, 91 (E.D. Mo. 1980) (citing Rule 26(b)(3)). The Eighth Circuit has explained that whether the documents were prepared in anticipation of ligation is a factual determination:

> [T]he test should be whether, in light of the nature of the documents and the factual situation in the particular case, the documents can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation.

*Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987) (citations omitted). One district court noted that "[t]he fact that litigation may still be a contingency at the time the document is prepared has not been held to render the privilege inapplicable, if the prospect of litigation is identifiable because of the specific claims that have already arisen." *Fontaine*, 87 F.R.D. at 92 (quoting *Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136, 151 (D. Del. 1977)).

In support, Farmers cites *State ex rel. Safeco National Insurance Co. of America v. Rauch*, 849 S.W.2d 632 (Mo. App. 1993), which held that "insurer and insured are in an

2

adversary relationship whenever there is any claim by an insured for loss under any insurance policy." *Id*. at 634. The Missouri court explained that "it is likely that [the insurance company] would have investigated the collision and plaintiffs' claim under the policy with an eye toward discovering the identity of the phantom vehicle and contesting, if necessary, plaintiffs' claim." *Id*. at 645. As a result, the Missouri court held that the investigation file was work product and plaintiffs would be required to show a substantial need and an inability without undue hardship to obtain the substantial equivalent of the materials by other means. *See id*. (citing Mo. R. Civ. P. 56.01(b)(3)).

First, the Court notes that the work-product doctrine is not a substantive privilege; therefore, federal law applies. *See Baker v. Gen. Motors Corp.*, 197 F.R.D. 376, 381 (W.D. Mo. 1999). Farmers responds that it agrees, but that the question of whether an adversarial relationship exists is substantive and, thus, the law as stated in *Rauch* applies. Even if Missouri law does apply on this point, a more recent case by the Missouri Supreme Court, *Grewell v. State Farm Mutual Automobile Insurance Co.*, 102 S.W.3d 33 (Mo. 2003)—in analogizing the relationship between an insurer and insured to attorney and her client—held that an insurance file belongs to the insured, not the insurer. *See id*. at 36; *see also Med. Protective Co. v. Bubenik*, No. 06-1639, 2007 WL 3026939, at *2 & n.2 (E.D. Mo. Oct. 15, 2007) (stating that although federal procedural law applies to work-product doctrine, Missouri substantive law that claims file is property of insured is also applicable). "Appellants' [the insured] communication with Respondent Willkins related to and concerned their potential liability resulting from the automobile accident with Mr. Kephart,

3

and, as such, those communications became subject to an attorney/client type privilege. Once their relationship attained that protected status, any claim file that resulted belonged to Appellants, and they should be provided free and open access to that file." *See Grewell*, 102 S.W.3d at 37.

In *Medical Protective Company v. Bubenik*, the United States District Court for the Eastern District of Missouri analyzed *Grewell* in determining whether insurance documents were prepared in anticipation of litigation. *See* 2007 WL 3026939, at *2. The court ultimately held they were not. *Id.* at *4. This Court sees no difference between the present case and *Grewell*. At some point, McConnell contacted his insurance company, Farmers. Under *Rauch*, it is assumed that once an insured makes a claim, the insured and insurer are automatically adversaries. But, under *Grewell* (which was decided after *Rauch*), it is assumed that once there is communication between the insured and insurer, an attorney-client-like relationship is established, and any claim file that results belongs to the insured. The Court follows *Grewell*.

Further, several courts have held that although litigation may be a contingency at the time the document is prepared, "if the prospect of litigation is identifiable because of specific claims that have already arisen," then the work-product doctrine applies. *See, e.g., Fontaine*, 87 F.R.D. at 92. In this case, McConnell has asserted a breach of contract claim. However, Farmers has not argued that at the time McConnell first made a claim on his insurance policy, Farmers intended to deny the claim. *See Med. Protective Co.*, 2007 WL 3026939, at *4 ("Plaintiff asserts that many of the withheld documents were created in anticipation of

4

litigation regarding coverage, however, Plaintiff seeks to protect documents created before coverage was formally denied."). It cannot be said McConnell's breach of contract claim arose until after Farmers' formally denied coverage; thus, these documents were not created in anticipation of litigation.

Finally, even if the claims file was prepared in anticipation of litigation, McConnell has shown a substantial need exists for the materials in question, in conjunction with his inability to obtain the substantial equivalent of the materials by other means. McConnell cites *O'Boyle v. Life Insurance Co. of North America*, 299 F. Supp. 704 (W.D. Mo. 1969), for support that the claims file is discoverable, at least as it relates to their vexatious refusal to pay claim. "In this case good cause exists because it is discoverable at least on the issue of vexatious delay, it describes the thought processes and basis of the decision to deny the claim and thus it would be unjust not to allow discovery." *Id*. at 706. Farmers responds, arguing this case was decided before Rule 26(b)(3) went into effect, as well as before the *Rauch* case. This Court believes, however, *O'Boyle* establishes that there is a substantial need for discovery of a claims file as it relates to a vexatious refusal to pay claim. Moreover, McConnell is unable to obtain the substantial equivalent by other means because the file certainly includes present sense impressions and contemporary statements containing information considered in denial of the claim. *See id*. at 705. The information is relevant and calculated to lead to discovery of admissible evidence. *See id*. at 706.

Thus, McConnell is entitled to discovery of the claim file, but only those documents created up to the time when Farmers formally denied his claim.

5

Accordingly, it is hereby

ORDERED that Defendant Farmers Insurance Company, Inc., produce the documents requested in Plaintiff's First Interrogatory Number 6, as well as in Plaintiff's deposition notice duces tecum served on Marilyn Castillo Martinez, except that only those documents created up to the time when Defendant formally denied Plaintiff's claim must be produced.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: February 25, 2008
Jefferson City, Missouri